EQUITABLE TRUST CO. *v.* SOLOVICH.

1. APPEAL AND ERROR—UNDENIED AFFIRMATIVE ALLEGATIONS AC-
CEPTED AS TRUE.

On appeal from order entered on petition and answer without
taking any testimony, the undenied affirmative allegations of
the answer must be accepted as true.

2. MORTGAGES—MORATORIUM RELIEF—ABUSE OF DISCRETION.

Order extending moratorium relief under chancery mortgage
foreclosure proceedings for an additional six months *held*, an
abuse of discretion, where mortgage indebtedness against 38-
apartment property, in possession of trustee mortgagee, has
increased from $120,000 to $176,200, junior liens total $31,300,
appraised value is $85,000, taxes unpaid amount to $9,000,
and notwithstanding trustee has the income the mortgage
indebtedness is increasing at rate of $5,000 a year, petitioner
is not liable for any of the indebtedness or deficiency, has
made no reasonable showing of probability of refinancing or
of reorganization, has held two apartments rent free and has
but a half interest in the equity of redemption which would
appear to be insufficient to justify deprivation of trustee's
right to enforce its mortgage lien (Act No. 98, Pub. Acts 1933,
as amended).

Appeal from Wayne; Callender (Sherman D.), J.
Submitted April 19, 1938. (Docket No. 85, Calendar
No. 39,979.) Decided June 6, 1938.

Bill by Equitable Trust Company, a Michigan cor-
poration, trustee, against Maxwell D. Solovich and
others to foreclose a mortgage. William A. Rhodes
filed a petition for moratorium. Order allowing
moratorium until July 1, 1938. Plaintiff appeals.
Reversed.

*Monaghan, Crowley, Clark & Kellogg,* for plaintiff.

NORTH, J. This is an appeal by the mortgagee trustee from a moratorium order entered in the circuit court of Wayne County. In 1927, Maxwell D. Solovich and his wife executed and delivered to the predecessor trustee of plaintiff a trust mortgage for $120,000. The mortgaged property consists of a four-story brick structure containing 38 apartments, located in Detroit. A bill of foreclosure was filed in January, 1932. Defendant William A. Rhodes, who together with his wife owned a one-half interest in the equity in the mortgaged premises, entered his appearance but was subsequently defaulted for failure to answer. Decree of foreclosure was entered December 17, 1936. The total amount found due in the foreclosure decree as of December 3, 1936, was $159,950.15. There was no provision for a deficiency decree against the mortgagors or against defendant Rhodes who did not assume liability for the mortgage indebtedness. The mortgagee was decreed to have the right to the rents and income from the mortgaged premises during foreclosure proceedings and during the period of redemption. Pursuant to the decree taken the premises were advertised for sale by a circuit court commissioner on May 5, 1937. Mr. Rhodes on May 3, 1937, filed a petition for relief under the moratorium act. Act No. 98, Pub. Acts 1933, as amended. This petition was dismissed because the petitioner failed to appear on the return day, but dismissal was without prejudice. On May 11, 1937, Mr. Rhodes filed a second petition for moratorium relief and an order granting such relief was entered in the circuit court July 12, 1937. The foreclosure sale was enjoined and the expiration of the moratorium fixed as December 31, 1937.

On the eve of the expiration of the granted moratorium period (December 30, 1937), Rhodes filed another petition for an extension of relief under the moratorium act. He set forth in his petition that he had been negotiating for refinancing, had recently filed with the Michigan Public Trust Commission a plan for reorganization, that reorganization necessitated an extension of the moratorium period, that he has an interest of over $30,000 in the mortgaged premises, and that the trustee has been collecting rentals from the premises.

In plaintiff's answer to this last moratorium petition it is alleged the petitioner in his moratorium petition filed in May, 1937, claimed that reorganization was then being attempted; and plaintiff further answers that it has not been served with a copy of the plan recently filed with the Public Trust Commission and there is little or no probability of reorganization or refinancing; and petitioner's claim of a valuable interest in the mortgaged property is denied; and further that plaintiff's mortgage lien has now increased from $120,000 to approximately $176,200; that there are junior liens amounting to more than $31,300, making a total incumbrance of at least $207,000 on this property which is of an appraised value of $85,000; that notwithstanding the trustee has the income of the mortgaged premises still the mortgage indebtedness is increasing at a rate of over $5,000 per year, and there are now upwards of $9,000 of unpaid taxes.

The affirmative allegations of the answer are not denied and must be accepted as true because the hearing was on petition and answer without taking any testimony. The circuit judge continued the injunction against the foreclosure sale and extended the moratorium to July 1, 1938. It is from this order plaintiff has appealed.

Upon this record it seems almost conclusive that there is no possibility of refinancing this top-heavy indebtedness and it seems equally certain that Mr. Rhodes does not have an equity of any value. The foreclosure decree was entered in December, 1936, and when this petition was filed in December, 1937, the mortgage indebtedness had materially increased. There is no reasonable showing of a probability of refinancing or of reorganization. Petitioner is not personally liable for the indebtedness, nor does a deficiency decree run against the mortgagors through whom the petitioner asserts title. He held possession of two apartments rent free until the present order for further moratorium was entered. While petitioner occupied as his residence a small portion of the mortgaged premises, still primarily it is income-producing property. We do not find any equities which justify this last moratorium order. Instead plaintiff was thereby inequitably deprived of the right to enforce the mortgage lien. The relief granted went materially beyond that contemplated by the moratorium act and amounted to an abuse of discretion.

The moratorium order from which this appeal was taken will be vacated and the prayer of the petition denied. Costs of this appeal to appellant.

WIEST, C. J., and BUTZEL, BUSHNELL, SHARPE, POTTER, CHANDLER, and MCALLISTER, JJ., concurred.